IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PHIL MALONEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-cv-00009 |
| | § | |
| GREEN TREE SERVICING, LLC | § | |
| | § | |
| Defendant. | § | |

**NOTICE OF REMOVAL**

COMES NOW, Defendant Green Tree Servicing LLC ("Green Tree" or "Defendant"), and pursuant to 28 U.S.C. § 1446(a) hereby removes this action from the 416th Judicial District Court of Collin County, Texas.  Removal of this action is proper because this action arises under questions of federal law pursuant to 28 U.S.C. § 1331.  Additionally, diversity jurisdiction exists over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.  In support of its removal, Defendant submits this Notice and would respectfully show the Court the following:

**I.**
**INTRODUCTION**

1.     On or about November 19, 2014, Plaintiff filed his Original Petition and Request for Disclosure, bearing Cause No. 416-04651-2014, styled *Phil Maloney v. Green Tree Servicing, LLC,* in the 416th Judicial District Court of Collin County, Texas (the "State Court Action").  A certified copy of the Docket Sheet from the State Court Action is attached hereto as **Exhibit A**.  In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action, including the Petition, are attached hereto within the contents of **Exhibit B**.

2. Plaintiff has alleged causes of action for violations of the Telephone Consumer Protection Act ("TCPA") and the Texas Debt Collection Act, and invasion of privacy. (**Exhibit B-1,** *See generally* Pl.'s Pet.) Specifically, Plaintiff alleges that Green Tree made hundreds of harassing phone calls to Plaintiff's cell phone in violation of 47 U.S.C. § 227(b). (Pl.'s Pet. ¶¶ 9, 14.) Plaintiff requests actual statutory damages, treble damages, exemplary damages, injunctive relief and attorney's fees. (Pl.'s Pet. at Prayer.)

## II.
## TIMELINESS OF REMOVAL

3. Domestic and foreign corporations that do business in Texas must designate and maintain registered agents for service in Texas. The record must show on its face that the plaintiff used reasonable diligence to serve the corporation's president, vice president, or registered agent at its registered office. *See* Bus. Orgs. Code §§ 5.251(1)(B), 5.255(1); *Wright Bros. Energy, Inc. v. Krough*, 67 S.W.3d 271, 274 (Tex. App.—Houston [1st Dist.] 2001, no pet.). If the corporation's president, vice president, or registered agent cannot be found through reasonable diligence, the plaintiff can serve the Secretary of State. *Interaction, Inc. v. State*, 17 S.W.3d 775, 779 (Tex.App.—Austin 2000, pet. denied).

4. Plaintiff's Petition, on its face, states:

> Defendant Green Tree Servicing, LLC ("Green Tree") is a Delaware corporation that engages in business in this state but which has not designated or maintained an agent for service of process in this state. For this reason, the Citation should be served on the Secretary of State of Texas under Tex. Civ. Prac. & Rem. Code § 17.044(a)(1).

This statement is factually untrue. Green Tree has designated its registered agent as CT Corporation System, located at 1999 Bryan St., Ste 900, Dallas, Texas, 75201. Attached as **Exhibit C-1** to the **Exhibit C**, to the Declaration of Richard A. McKinney, and incorporated for all purposes hereto, is a true and correct copy of the printout from the Secretary of State website

reflecting Green Tree's registered agent information. A simple search on the Secretary of State's website would have yielded Green Tree's registered agent information. The State Court Record does not reflect that service has occurred, but even if the Secretary of State had been served, Plaintiff's lack of diligence in attempting to serve Green Tree's registered agent, any service on the Secretary of State is inadequate service as to Green Tree.

5. As such, Green Tree has not yet been properly served. Despite lack of/improper service, Green Tree filed its Original Answer in the state court on December 12, 2014. (**Exhibit B-2**.) This Notice of Removal is timely because thirty (30) days have not expired since Defendant was served with the Petition or filed an answer in this suit dispensing the need for service under Rule 121 of the Texas Rules of Civil Procedure, making removal proper in accordance with 28 U.S.C. Section 1446(b). *See also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999); *Am.'s Best Value Inn and Suites v. Allied Prop. and Cas. Ins. Co.*, No. a-14-cv-000902014, WL 1345494 (W.D. Tex. April 3, 2014) (slip copy).

### III.
### VENUE

6. Venue for removal is proper in this district and division, the United States District Court for the Eastern District of Texas, Sherman Division, under 28 U.S.C. § 1441(a) because this district and division embrace the 416th Judicial District Court of Collin County, Texas, the forum in which the removed action was pending.

### IV.
### FIRST BASIS FOR REMOVAL- FEDERAL QUESTION JURISDICTION

7. Plaintiff has made allegations under the Telephone Consumer Protection Act, codified at 47 U.S.C. § 227 *et. seq.* Thus, Plaintiff's claims in this action arise under federal law,

which is apparent on the face of Plaintiff's Petition. Therefore, removal of this entire cause is proper under 28 U.S.C. Section 1331.

## V.
## SECOND BASIS FOR REMOVAL- DIVERSITY JURISDICTION

**A.   There is complete diversity among all parties.**

8.   There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Plaintiff and Defendant, and more than $75,000.00 is in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

**1.   Citizenship of Plaintiff**

9.   Plaintiff is a citizen of Texas. Specifically, Plaintiff states that he is a resident of Collin County, Texas. (**Exhibit B-1,** Pl.'s Pet. ¶ 3.) Plaintiff is therefore a citizen of the State of Texas for diversity purposes. *American Realty Trust, Inc. v. Misse Partners, LLC*, Civil Action No. 3:00-CV-1801-G, 2002 W.L. 1359702 at...3 (N.D. Tex. June 19, 2002) (Citizenship or Domicile for diversity purposes is determined by two elements: (1) Physical presence within a state and (2) intent to make a home there indefinitely); *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985) (A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely).

**2.   Citizenship of Green Tree's Members**

10.   Green Tree is now, and was at the time this action was commenced, diverse in citizenship from Plaintiff. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. *Id; Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Burford v. State Line Gathering System, LLC*, 2009 WL 2487988, at *1 (W.D. La., Aug. 12, 2009) (citing *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363

(W.D. La. 2007)); *CMC Steel Fabricators, Inc. v. RK Construction, In., et al.*, 2009 WL 1924352, at *1 (W.D. La. June 29, 2009).

11. Green Tree Servicing LLC is a Delaware limited liability company with its principal office located in Minnesota.

12. The sole member of Green Tree Servicing LLC is Green Tree Licensing, LLC, a Delaware limited liability company with its principal office in Minnesota.

13. The sole member of Green Tree Licensing, LLC is Green Tree MH LLC, a Delaware limited liability company with its principal office located in Minnesota.

14. The sole member of Green Tree MH LLC is Green Tree HE/HI LLC, a Delaware limited liability company with its principal office located in Minnesota.

15. The sole member of Green Tree HE/HI LLC is Green Tree CL LLC, a Delaware limited liability company with its principal office located in Minnesota.

16. The sole member of Green Tree CL LLC is Green Tree Investment Holdings II LLC, a Delaware limited liability company with its principal office located in Minnesota.

17. The sole member of Green Tree Investment Holdings II LLC is Green Tree Credit Solutions LLC, a Delaware limited liability company with its principal office located in Minnesota.

18. The sole member of Green Tree Credit Solutions LLC is Walter Investment Holding Company LLC, a Delaware limited liability company with its principal office located in Florida.

19. The sole member of Walter Investment Holding Company LLC is Walter Investment Management Corp., a Maryland corporation with its principal office located in Florida.

20. Green Tree Servicing LLC is not and never has been a citizen of the State of Texas nor was it organized in the State of Texas. Because Plaintiff is a citizen of the State of Texas, Defendant Green Tree Servicing, LLC and its members are citizens of Delaware, Minnesota, Maryland, and Florida, there is complete diversity between Plaintiff and Defendant for purposes of 28 U.S.C. §1332.

**B.  The amount in controversy exceeds $75,000.00.**

   **1.  Plaintiff's claim for damages exceeds $75,000.00.**

21. The amount in controversy exceeds the sum or value of $75,000.00. It is well established Fifth Circuit precedent that when a plaintiff's complaint does not allege a specific amount of damages, and removal is based on diversity of citizenship, the removing defendant need simply prove that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723-24 (5th Cir. 2002); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1226, 1335 (5th Cir. 1995). Jurisdiction is proper if "it is facially apparent" that the "claims are likely above [$75,000.00]." *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 639 (5th Cir. 2003) (citations omitted).

22. Plaintiff alleges violations of certain state and federal statutes and requests a variety of damages including actual statutory damages, treble damages, exemplary damages, injunctive relief and attorney's fees. (Pl.'s Pet. at Prayer.) Plaintiff states in his Original Petition that Green Tree made hundreds of phone calls in violation of the TCPA and has requested that the court award $500.00 for each phone call and should increase the award to $1,500.00 for each phone call because Green Tree acted knowingly. (*Id.* ¶ 14.) Performing a simple calculation to estimate Plaintiff's statutory damage figure of $1,500.00 for at least 100 calls, there can be no dispute that the amount in controversy vastly exceeds the $75,000.00 jurisdictional requirement.

23. For the reasons stated above, Plaintiff's Petition, on its face, makes apparent that Plaintiff is seeking damages in excess of the minimum amount in controversy under any standard of evidence, let alone the preponderance of the evidence standard that applies here. Based on Plaintiff's demand for damages there can be no viable dispute that the amount in controversy requirement has been met.

    **2. Attorney's fees are included in the amount in controversy.**

24. Lastly, Plaintiff requests attorneys' fees, which are also properly considered in determining the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (attorney's fees authorized by statute are considered in determining the amount in controversy); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864 (5th Cir. 2002) (though considering attorney's fees in a putative class action, to like effect). Similar cases have awarded attorneys' fees exceeding the jurisdictional minimum. *See, e.g., Moreno v. Kleberg First National Bank of Kingsville*, 105th District of Kleberg County, Texas (jury verdict included $570,000.00 in attorneys' fees against bank for fraud claims and threats of foreclosure relating to plaintiffs' home mortgage loan). From Plaintiff's claim for attorneys' fees alone, it is facially apparent from the Petition that Plaintiff's claims exceed the jurisdictional threshold.

25. Because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, the United States District Court for the Eastern District of Texas, Sherman Division has original jurisdiction pursuant to 28 U.S.C. Section 1332.

## VI.
## NOTICE

26. Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for 416th Judicial District Court of Collin County, Texas.

27. The contents of **Exhibit B** constitute the entire file of Cause No. 416-04651-2014 in the 416th Judicial District Court of Collin County, Texas.

## VII.
## CONCLUSION

28. For the reasons described above, Defendant respectfully requests that the Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

## VIII.
## LIST OF ALL KNOWN COUNSEL OF RECORD

FOR PLAINTIFF PHIL MALONEY

Michael R. Sices
Law Office of Michael R. Sices, PC
Texas Bar No. 24070616
2000 N. Central Expressway, Suite 209
Plano, Texas 75074
(972) 914-8372
(972) 360-3264 Fax

FOR DEFENDANT GREEN TREE SERVICING

Richard A. McKinney
*Attorney-in-Charge*
Texas Bar No. 13723430
rmckinney@higierallen.com

HIGIER ALLEN & LAUTIN, P.C.
5057 Keller Springs Road, Suite 600
Addison, Texas 75001-6020
(972) 716-1888
(972) 716-1899 fax

## IX.
## PLAINTIFF HAS MADE JURY DEMAND

The Court should note that the Plaintiff has made a demand for Jury Trial in his Original Petition.

## X.
## REMOVED FROM THE FOLLOWING COURT

Cause No. 416-04651-2014,
416th Judicial District Court
Judge Chris Oldner
Collin County, Texas
2100 Bloomdale Road, Suite 20030
(972) 424-1460 ext. 4520

Andrea Stroh Thompson
Collin County District Clerk
2100 Bloomdale Road, Suite 12132
(972) 424-1460 ext. 4320

## XI.
## CURRENT STATUS OF REMOVED CASE

Pending.

# XII.
# INDEX OF DOCUMENTS ATTACHED

**Exhibit A**   Copy of the Docket Sheet for Cause No. 416-04651-2014 in the 416th Judicial District Court of Collin County, Texas.;

**Exhibit B**   Pleadings in Cause No. 416-04651-2014 in the 416th Judicial District Court of Collin County, Texas;

    **B-1**   Plaintiff's Original Petition & Request for Disclosure, filed on November 19, 2014;

    **B-2**   Citation issued to Secretary of State on November 20, 2014;

    **B-3**   Green Tree Servicing LLC's Original Answer, filed on December 12, 2014;

**Exhibit C**   Declaration Richard A. Mckinney;

    **C-1**   Printout from the Secretary of State of Texas reflecting Green Tree's registered agent.

Respectfully Submitted,

HIGIER, ALLEN & LAUTIN, P.C.

By: /s/ *Richard A. McKinney*
Richard A. McKinney
*Attorney-in-charge*
State Bar No. 13723430
rmckinney@higierallen.com

5057 Keller Springs Road, Suite 600
Addison, Texas 75001-6020
Telephone: (972) 716-1888
Telecopy: (972) 716-1899

ATTORNEYS FOR DEFENDANT
GREEN TREE SERVICING LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 9th January, 2015, a true and correct copy of the foregoing document was delivered via ECF Notification, email, fax, certified U.S. mail return receipt requested and/or regular mail to:

Michael R. Sices
Law Office of Michael R. Sices, PC
2000 N. Central Expressway, Suite 209
Plano, Texas 75074

/s/ *Richard A. McKinney*
Richard A. McKinney