# EXHIBIT B-1

## Plaintiff's Original Petition

Filed: 11/19/2014 11:52:47 AM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Amy Mathis Deputy
Envelope ID: 3228944

CAUSE NO. _____  416-04651-2014

| | | |
|---|---|---|
| PHIL MALONEY, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | \_\_\_\_ JUDICIAL DISTRICT |
| GREEN TREE SERVICING, LLC, | § | OF COLLIN COUNTY, TEXAS |
| Defendant. | § | JURY DEMAND |

## PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Phil Maloney, files this *Original Petition* and for cause of action will show the following:

### DISCOVERY CONTROL PLAN

1.   The Plaintiff intends that discovery in this case is to be conducted under Level 2, as described by Texas Rule of Civil Procedure 190.

### RELIEF SOUGHT

2.   The Plaintiff seeks injunctive relief and therefore does not request expedited trial rules.

### PARTIES

Page 1 of 8

3.  The Plaintiff is an individual who resides and did reside in Collin County Texas at all relevant times.

4.  Defendant Green Tree Servicing, LLC ("Green Tree") is a Delaware corporation that engages in business in this state but which has not designated or maintained an agent for service of process in this state. For this reason, the Citation should be served on the Secretary of State of Texas under TEX. CIV. PRAC. & REM. CODE §17.044(a)(1). A copy of the Citation and the Petition should be mailed by the Secretary of State to this defendant at: Green Tree Servicing, LLC, 1400 Landmark Towers, 345 St. Peter Street, Saint Paul, MN 55102.

## JURISDICTION

5.  This Court has general jurisdiction, and in the alternative specific jurisdiction, over Defendant because, upon information and belief, Defendant (1) has routinely and purposefully done business in the State of Texas and maintains an office in this state, and (2) has committed violations of consumer protection statutes in whole or in part in Texas against a Texas resident.

## VENUE

6.  Venue is proper in Collin County because it is the county where all or a substantial part of the events or omissions giving rise to the claims occurred.

## RESPONDEAT SUPERIOR LIABILITY

7.  Whenever in this pleading it is alleged that a party did, or failed to do, any act, thing and/or omission, it is meant that party itself or its agents, officers, servants,

subsidiaries, employees, vice principals, third party call centers, or other representatives either did or failed to do such act, thing and/or omission, and it was done with the full authorization or ratification of the party, and/or done in the normal routine, course and scope of the agency or employment of the party or its agents, officers, servants, subsidiaries, employees, vice principals, or representatives and/or with actual and/or apparent authority of the party.

## FACTUAL ALLEGATIONS

8. This action arises out of abusive debt collection practices in violation of the Telephone Consumer Protection Act and the Texas Debt Collection Act.

9. Green Tree called the Plaintiff hundreds of times in connection with its attempts to collect a debt, using upon information and belief, an automatic telephone dialing system and/or an artificial or prerecorded voice, to the Plaintiff's cellular telephone. On many occasions, upon information and belief, Green Tree repeatedly called Mr. Maloney to his cell phone and hung up without leaving a message.

10. Plaintiff never consented to calls to his cellular telephone from Green Tree; and none of Green Tree's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

11. Upon Information and belief, Green Tree called Mr. Maloney as many as three to five times per day with the intent and consequence of harassing him. Upon information and belief, Mr. Maloney was targeted for these calls under Green Tree's customary practice of harassing its customers on the first day of every month;

regardless of a grace period. Upon information and belief, Green Tree uses telephonic harassment purposefully as a method to increase the performance of its portfolio in gross disregard to the rights of Texas consumers to be left alone.

## I.     VIOLATION OF TEXAS FINANCE CODE SECTION § 392

12.  Plaintiff adopts and re-alleges all prior paragraphs as if set out here in full. Green Tree is liable to the Plaintiff for violating a portion of the Texas Finance Code applicable to the collection of consumer debts. Upon information and belief, Green Tree acted as a debt collector and/or third-party debt collector when attempting to collect a consumer debt, as such terms are defined in Texas Finance Code § 392.001. Upon information and belief, Green Tree violated at least the following sections and paragraphs of the Texas Finance Code:

1) § 392.302(4) by oppressing, harassing, or abusing a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

2) §392.302(2) by placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number.

The Plaintiff seeks actual damages, exemplary damages, statutory damages, and attorneys' fees and costs.

## II.     INVASION OF PRIVACY (Intrusion on Seclusion)

13.     In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, upon information and belief, Green Tree is liable to the Plaintiff for invading the Plaintiff's privacy (intrusion on seclusion). Upon information and belief, Green Tree intentionally intruded on the Plaintiff's solitude, seclusion, or private affairs and such intrusion would be highly offensive to a reasonable person. The Plaintiff suffered injury as a result of Green Tree's intrusion.

### III.  VIOLATION OF THE FEDERAL TELEPHONE CONSUMER PROTECTION ACT

14.     In the alternative, without waiving any other causes of action pled herein, without waiving any procedural, contractual, statutory, common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, upon information and belief, Green Tree is liable to the Plaintiff under the Federal Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*) (hereinafter the "TCPA"). The Defendant violated section § 227(b)(1)(A) of the TCPA by making calls using an automatic telephone dialing system or an artificial or prerecorded voice to a telephone number assigned to a cellular telephone service. The Defendant's actions caused the Plaintiff to suffer damages, including statutory damages in accordance with 47 U.S.C. § 227(b)(3)(B). Further, upon information and belief, the Defendant knowingly violated section 227(b)(l)(A) of the TCPA. Accordingly, the court should increase the amount of any award to an amount equal

to not more than three times the amount available under section § 227(b)(3)(B) of the TCPA. The Federal Telephone Consumer Protection Act creates a federal private right of action but confers jurisdiction on state courts to entertain such an action. *See The Chair King, Inc. v. GTE Mobilnet of Houston, Inc.*, 184 S.W.3d 707, 710 (Tex. 2006); *see also Chair King, Inc. v. Houston Cellular Corp.*, 131 F. 3d 507,510 (5th Cir. 1997).

### IV. VIOLATION OF SECTION 35.47 OF THE TEXAS BUSINESS AND COMMERCE CODE

15. In the alternative, without waiving any of the other causes of action or requests herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, upon information and belief, Green Tree is liable to the Plaintiff for violating section 35.47 of the Texas Business and Commerce Code. Green Tree violated the TCPA. Therefore, Green Tree violated section 35.47(f) of the Texas Business and Commerce Code. The Plaintiff is entitled to an injunction pursuant to that paragraph and $500.00 for each phone call which violated the TCPA. Further, upon information and belief, Green Tree knowingly violated the statute. Therefore, the court should increase the amount of the Plaintiff's award to up to $1,500.00 for each such telephone call.

### EXEMPLARY DAMAGES

16. Exemplary damages should be awarded against Green Tree because the harm with respect to which the Plaintiff seeks recovery of exemplary damages resulted from gross negligence (which means that the Defendant's acts and/or omissions (i)

when viewed objectively from the Defendant's standpoint at the time of the acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that the Defendant had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others).

## REQUEST FOR DISCLOSURE

17. Pursuant to Rule 194, Green Tree is requested to disclose, within 50 days after service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## TRIAL BY JURY REQUESTED

18. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## PRAYER

19. For these reasons, the Plaintiff asks that the Defendant be cited to appear and answer, and that the Plaintiff have judgment for damages within the jurisdictional limits of the court and against the Defendant for:

    a) actual damages;

    b) statutory damages (pursuant to the TDCA and TCPA);

    c) statutory damages (pursuant to §35.47 of the Texas Business and Commerce Code)

    d) exemplary damages;

    e) pre-judgment and post-judgment interest at the highest legal rate;



f)    legally-available reasonable and necessary attorneys' fees;

g)    costs;

h)    a permanent injunction against Green Tree enjoining it from committing the unlawful conduct described in this petition; and

i)    all other relief, general and special, legal and equitable, to which the Plaintiff is entitled.

Respectfully submitted,

By: /s/ Michael R. Sices
**MICHAEL R. SICES**
Texas Bar No.: 24070616
michael@siceslaw.com

**LAW OFFICE OF MICHAEL R. SICES, PC**
2000 N. Central Expressway, Suite 209
Plano, TX 75074
Phone: 972.914.8372
Fax: 972.360.3264
ATTORNEY FOR PLAINTIFF, PHIL MALONEY



STATE OF TEXAS )
COUNTY OF COLLIN )

I, Andrea Stroh Thompson, District Clerk in and for Collin County Texas, do hereby certify that the above foregoing is a true and correct copy of the original document as the same appears on the file in the District Court, Collin County, Texas. Witness my hand and seal of said Court, this the 15 day of Dec A.D., 2014.

ANDREA STROH THOMPSON, DISTRICT CLERK
COLLIN COUNTY, TEXAS

_____ DEPUTY

